UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA HAWTHORNE,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

Case No. 18-12628
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [64]**

Angela Hawthorne slipped and fell on a wet floor at a Wal-Mart in Howell, Michigan. Hawthorne alleges that she injured her wrist and back in the fall. She sued Wal-Mart for premises liability, nuisance, and negligence under Michigan law. In its motion for summary judgment, Wal-Mart argues it is entitled to judgment as a matter of law on all of Hawthorne's claims. The Court agrees.

**I.**

Angela Hawthorne was shopping in the Howell, Michigan Wal-Mart with her husband Robert on August 24, 2017. (ECF No. 10, PageID.67.) Hawthorne was pushing a shopping cart down the "main action alley" of the store when she suddenly slipped on a clear liquid on the floor. (*Id.*; ECF No. 66.) Hawthorne was able to hang on to the cart with both hands but fell to her knees and twisted her left leg. (ECF No. 64-1, PageID.729–730.) Hawthorne reported being in shock and feeling pain in her neck, back, legs, and arm. (*Id.* at PageID.731.) Hawthorne was able to stand up with

the help of her husband. (*Id.* at PageID.734–735; ECF No. 66.) Wal-Mart employees immediately came over to check on Hawthorne. (ECF No. 64-1, PageID.735.) The employees had difficulty locating the spill on the floor, but eventually found it and cleaned it up. (*Id.* at PageID.736.) The liquid on the floor was clear so it was difficult to see on the light-colored floor. (ECF No. 64-1, PageID.738, 741.) Hawthorne testified that she did not know how the substance got there or how long it was on the floor. (ECF No. 64-1, PageID.739.) Hawthorne reports that she did not see anything out of the ordinary before she suddenly fell. (ECF No. 64-1, PageID.733.)

Hawthorne and her husband submitted a written report of the incident, paid for their groceries, and went home. (*Id.* at PageID.735–736, 743.)

Hawthorne reports that she was in a lot of pain when she got home and made an appointment with her primary care doctor a few days later. (ECF No. 64-1, PageID.744–745.) Over the next several months, she sought treatment for her injuries from a number of doctors. (ECF No. 64-1, PageID.746–748, 680–684.) Hawthorne reports that she still suffers symptoms from her injuries that prevent her from returning to her level of activity before the fall. (ECF No 64-1, PageID.853.)

In June 2018, Hawthorne and her husband sued Wal-Mart in state court. (ECF No. 1-2.) Wal-Mart removed the case to federal court based on diversity jurisdiction. (ECF No. 1.) Plaintiffs later agreed to voluntarily dismiss Robert Hawthorne's consortium claim, leaving Angela Hawthorne's three counts against Wal-Mart. (ECF No. 18.) Wal-Mart now moves for summary judgment on all counts. (ECF No. 64.)

II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451–52 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And "a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 516 (6th Cir. 2019) (internal citations omitted).

III.

A.

Wal-Mart first argues that it is entitled to summary judgment on Hawthorne's premises liability claim because she has failed to come forward with any evidence that Wal-Mart had notice of the slippery floor.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012) (internal quotation omitted).

As a customer at a Wal-Mart store, Wal-Mart owed Hawthorne "a duty to exercise reasonable care in order to protect [her] from unreasonable risks created by dangerous conditions" in the store. *Gainer v. Wal-Mart Stores E., L.P.*, 933 F. Supp.

2d 920, 925 (E.D. Mich. 2013) (citing *Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 386 (Mich. 2001)).

But to establish a breach of that duty, Hawthorne "must offer admissible evidence demonstrating that Defendant (i) knew or should have known about the dangerous condition and the unreasonable risk it created; (ii) should have expected that invitees would not discover the danger, or would otherwise fail to protect against it; and (iii) failed to exercise reasonable care to protect its invitees against the danger." *Gainer*, 933 F. Supp. 2d at 925 (citing *Bertrand v. Alan Ford, Inc.*, N.W.2d 185, 186 (Mich. 1995)).

Hawthorne concedes that there is no evidence that Wal-Mart created the spill or knew about it before Hawthorne's fall. (ECF No. 64-1, PageID.739–741.) In fact, Hawthorne affirmatively stated at her deposition that Wal-Mart first learned of the substance on the floor after she fell. (*Id.* at PageID.742.) So Hawthorne must show that Wal-Mart had constructive notice of the spill. *See Gainer*, 933 F. Supp. 2d at 926 (explaining that the prong "knew or should have known" requires showing either the defendant created the risk or that the defendant had actual or constructive notice of the risk); *see also Ogden v. Target Stores, Inc.*, No. 06-14555, 2007 WL 4358193, at *4 (E.D. Mich. Dec. 13, 2007) (citing *Derbabian v. S & C Snowplowing, Inc.*, 644 N.W.2d 779, 784–85 (Mich. Ct. App. 2002)).

Hawthorne can establish constructive notice by "presenting evidence that the hazardous condition was of such a character or 'ha[d] existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discover it.'" *Gainer*,

4

933 F. Supp. 2d at 932 (quoting *Whitmore v. Sears, Roebuck & Co.*, 279 N.W.2d 318, 320 (Mich. Ct. App. 1979)).

Hawthorne repeatedly testified that the spill was very difficult to see. (ECF No. 75, PageID.1920; ECF No. 64-1, PageID.733, 738, 741.) So her own testimony makes clear that the character of the spill would not have enabled a reasonably careful storekeeper to discover it immediately.

Thus, Hawthorne is left with the option of showing that the substance was on the floor for a sufficient length of time. Hawthorne argues that she "has established that the substance has likely been on the floor for over an hour," and that is sufficient to show constructive notice. (ECF No. 75, PageID.1919.) This statement is purely speculation since Hawthorne has made no such showing. Hawthorne's arguments for why she believes the substance was on the floor for an hour are unclear and unpersuasive. Hawthorne notes that the clear liquid was difficult to see on the floor and that Wal-Mart must have known that any clear spill would be hard to see. (*Id.* at PageID.1918.) But this has no relevance to the timing of this particular spill.

"[P]roof of constructive notice requires that the plaintiff come forward with *some* evidence supporting at least a reasonable inference that the dangerous condition was around long enough for the landowner to notice and remedy it." *Djurovic v. Meijer*, No. 351743, 2021 WL 137643 (Mich. Ct. App. Jan. 14, 2021), *leave to appeal denied,* No. 162839, 2021 WL 2822039 (Mich. July 6, 2021). Instead, the record evidence in this case, in particular the Wal-Mart surveillance video, suggests that the substance was on the floor for only a short period of time before Hawthorne's

5

fall. In the one hour before Hawthorne's fall, the surveillance video does not clearly show when or how the wet substance ended up on the floor. (ECF No. 66.) But the video does corroborate Hawthorne's testimony that there was no obvious spill or other hazard on the floor at the time of her fall. (*Id.*) Importantly, the video also shows approximately 16 people walking directly over the area of the spill in the 12 minutes before Hawthorne's fall. (ECF No. 64, PageID.599; ECF No. 66.) None of these people appear to have any issues walking in that area and none report a hazard to Wal-Mart employees. (*Id.*) Hawthorne argues that one shopper appears to notice the substance on the floor three minutes before Hawthorne's fall. (ECF No. 75, PageID.1920.) But assuming that customer did notice a spill at that point, three minutes is not enough time to establish constructive notice. (And the video does not show the shopper advising any Walmart employee of a spill.)

These facts are closely analogous to those in a recent Michigan Court of Appeals case. *See Djurovic*, 2021 WL 13764, at *2. In *Djurovic*, the Michigan court was expressly addressing "whether Meijer had constructive notice of the dangerous condition on its premises" after plaintiff slipped on water that had collected on the tile floor. *Id*. The court concluded that the video showing "multiple people traversing the precise area of [plaintiff's] fall without difficulty during the hour before [plaintiff's] accident . . . tends to support that the water was not there for very long." *Id*. Like in *Djurovic*, the Court here concludes that the record evidence cannot support an inference that the substance was on the floor "long enough for a reasonable shopkeeper to have noticed and remedied it." *Id.*; *see also Lowrey v. LMPS & LMPJ,*

*Inc.*, 890 N.W.2d 344, 350–51 (Mich. 2016) (holding that plaintiff failed to present any evidence of constructive notice where people traversed the spot of the alleged hazard throughout the evening without incident and plaintiff did not present any evidence as to when the condition arose); *Sumerix v. Family Fare, L.L.C.*, No. 260382, 2006 WL 2060397, at *2 (Mich. Ct. App. July 25, 2006) (granting summary disposition where there was "nothing in the record to indicate that defendant knew about the unsafe condition or that the unsafe condition was of such a character or had existed for such a sufficient length of time that defendant should have had knowledge of it").

Because Hawthorne has presented no evidence demonstrating that Wal-Mart knew or should have known about the slippery substance on the floor and the unreasonable risk it created, Hawthorne's premises liability claim fails.

**B.**

Hawthorne's second claim against Wal-Mart is for public nuisance. A public nuisance "involves the unreasonable interference with a right common to all members of the general public." *Sholberg v. Truman*, 852 N.W.2d 89, 92 (Mich. 2014). The term "unreasonable interference" includes "conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights." *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 540 N.W.2d 297, 300 (Mich. Ct. App. 1995). Hawthorne argues that the spill was a public nuisance because it significantly interfered with public health and safety. (ECF No 75, PageID.1924.) But conduct

7

under the first category must create "a wrongful, continuing, impending danger to the lives or health of the public." *Ypsilanti Charter Twp. v. Kircher*, 761 N.W.2d 761, 777 (Mich. Ct. App. 2008). "The types of individual claims that have been recognized in the public health category typically involve disposal or release of hazardous substances or chemicals that present a threat to public health." *Davis v. Wal-Mart Stores E., LP*, No. 18-13901, 2019 U.S. Dist. LEXIS 217956, at *5 (E.D. Mich. Dec. 19, 2019); *see also Organic Chemical Site PRP Grp. v. Total Petroleum, Inc.*, 58 F. Supp. 2d 755, 765 (W.D. Mich. 1999) (release of hazardous chemicals could pose sufficient threat to public health to constitute public nuisance); *Norton Shores v. Carr*, 265 N.W.2d 802, 805–06 (Mich. Ct. App. 1978) (business operation that caused black dirt dust to blow off of property constituted public nuisance). A spill on a Wal-Mart floor present for a relatively short period of time simply does not rise to the level of a public nuisance. *See Davis*, 2019 U.S. Dist. LEXIS 217956, at *6 (hanger on the floor of Walmart store did not rise to the level of a public nuisance); *Fagan v. Speedway, LLC*, No. 15-10211, 2016 WL 2957929, at *4–5 (E.D. Mich. May 23, 2016) (crack in defendant's parking lot not a public nuisance).

### C.

Hawthorne's final claim is for common-law negligence. Hawthorne argues that Wal-Mart was negligent because it "should have inspected its floor for clear substances which cannot be readily seen or alternatively, warn the invitees to be aware of liquids spilled on the floor." (ECF No. 75, PageID.1924.) Under Michigan law, "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the

8

land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v. Trinity Continuing Care Services*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012). So the Court agrees with Wal-Mart that Hawthorne's negligence claim is repetitive of the premises liability claim and likewise must be dismissed.

IV.

For the reasons stated above, Wal-Mart's motion for summary judgment (ECF No. 64) is GRANTED. Hawthorne's case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: July 15, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
